Plaintiffs filed suit in this court *871 for refund of taxes for the years 1965 and 1966 concerning several issues. One of the issues was decided adversely to plaintiffs by the court in its opinion reported at 192 Ct. Cl. 63,426 F. 2d 376 (1970). The parties then agreed on a settlement of all other issues except one, which concerns the taxable character, i.e. whether ordinary income or capital gain, of $508.07 received by plaintiffs in 1965 as the final installment payment on the $12,500 sale in 1945 of real property located in Washington, D.C. Defendant interposes two defenses : (1) that the prior determination in Murray v. Commissioner, 24 T.C.M. 762 (1965), aff'd per curiam 370 F. 2d 568 (4th Cir. 1967), cert. denied, 389 U.S. 834, bars the present litigation concerning the tax treatment under the doctrine of collateral estoppel, and (2) in the alternative, that plaintiffs held the property for sale to customers in the ordinary course of plaintiff husband’s trade or business, so that the gains therefrom are taxable as ordinary income. Commissioner George Willi, in an opinion filed June 16,1972 determined that the 1965 Tax Court decision that taxpayers received ordinary income, not capital gain, in 1960 and 1961 from the installment sale of the property did not bar a decision in the present litigation on the ground of collateral estoppel. Commissioner Willi concluded, on the merits, that plaintiffs held the property for sale in the ordinary course of plaintiff husband’s real estate business and thus profit realized in 1965 on the installment sale is taxable as ordinary income. The fact that plaintiffs rented the property on a 30-day lease and the fact that they showed a monetary loss on the rental indicates that they were holding the property for the purpose of reselling it at a profit in the regular course of business. This case came before the court on plaintiffs’ and defendant’s requests for review of the recommended decision of Commissioner Willi. The court having considered the case on the exceptions, briefs and oral argument of counsel, agrees with that portion of the Commissioner’s opinion and findings in which he concluded that the profit which plaintiffs realized on the sale of the real property in issue is taxable as ordinary income and that plaintiffs are not entitled to recover. By order of March 30, 1973 the court adopted Commissioner Willi’s recommended decision to the extent *872 stated as tlie basis for its judgment in this case that plaintiffs are not entitled to recover, and dismissed the petition. Judge Nichols concurs in the result. Plaintiffs filed a petition for a writ of certiorari on June 28,1978.